## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL J. BAKER, and
SUZIE C. BAKER,

              Plaintiffs,

v.

RESIDENTIAL FUNDING
COMPANY, LLC, and
ORLANS ASSOCIATES, P.C.;

              Defendants.

Case No.2:11-cv-15169
Hon. David M. Lawson, presiding
Hon. Paul J. Komives, referral

Removed from Case No. 11-1260-CH in the
Washtenaw County Circuit Court
Hon. Timothy P. Connors

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR RELIEF PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

NOW COME Defendants Residential Funding Company, LLC ("Residential Funding") and Orlans Associates, P.C. ("Orlans") (collectively "Defendants") by and through its attorney Orlans Associates, P.C., and submit this Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and/or for Summary Judgment under Fed. R. Civ. P. 56 and state as follows:

1. Plaintiffs have filed a 10 Count Complaint alleging violation of various state related statutes which generally contest a February 22, 2007 Sheriff's Sale on a residential loan and the subsequent November 14, 2008 Consent Judgment of Possession.

2. Defendants removed Plaintiffs' action to this Court on the basis of Diversity Jurisdiction under 28 U.S.C. § 1332 and fraudulent joinder.

3. For the reasons more fully stated in Defendants' Brief, a Motion to Dismiss and/or for Summary Judgment, is appropriate in this instance because Plaintiffs' allegations

are barred by judicial estoppel, res judicata, lack of standing and because there is no genuine issue of material fact.

WHEREFORE, Defendants request this Court grant their Motion to Dismiss this suit and/or for Summary Judgment, award attorney fees and costs for having to defend in the matter and for any other relief as may be appropriate.

Dated:  December 9, 2011                        /s/ Justin F. Carter_____
                                               By: Justin F. Carter (P71650)
                                               Attorney for Plaintiff
                                               1650 W Big Beaver Rd
                                               Troy, MI 48084
                                               (248) 502-1573
                                               jcarter@orlans.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL J. BAKER, and
SUZIE C. BAKER,

               Plaintiffs,

v.

RESIDENTIAL FUNDING
COMPANY, LLC, and
ORLANS ASSOCIATES, P.C.;

               Defendants.

Case No.2:11-cv-15169
Hon. David M. Lawson, presiding
Hon. Paul J. Komives, referral

Removed from Case No. 11-1260-CH in the
Washtenaw County Circuit Court
Hon. Timothy P. Connors

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

Page

Statement of Issues....................................................................5

Statement of Controlling Authority/Index of Authorities.........................................6

Statement of Concurrence...............................................................9

Brief in Support....................................................................3

    Statement of Undisputed Facts..................................................11

    Introduction ...............................................................10

    Nature of Plaintiffs' Allegations.................................................14

    Standard of Review.........................................................15

    Argument.................................................................16

        A.    Plaintiff's Complaint Has Failed to State a Claim for Relief
              Because Plaintiffs' Arguments Are Barred by the Doctrine
              of Judicial Estoppel .....................................................16

        B.    Plaintiffs' Complaint Has Failed to State a Claim for
              Relief Because Plaintiffs' Arguments are Barred by the Doctrine of Res
              Judicata...............................................................19

        C.    Plaintiffs' Complaint Has Failed to State a Claim for Relief Because Plaintiffs'
              Are Barred From Asserting any Challenge to the
              Foreclosure............................................................22

        D.    There Is No Genuine Issue of Material Fact that
              the Foreclosure Was Conducted In Compliance With
              Michigan Non-Judicial Statutes............................................26

Relief Requested.....................................................................28

Index of Exhibits.....................................................................29

## STATEMENT OF ISSUES

Whether Plaintiffs' Complaint must be dismissed because it is barred by the doctrine of judicial estoppel?

Defendants state YES.

Whether Plaintiffs' Complaint must be dismissed because it is barred by the doctrine of res judicata?

Defendants state YES.

Whether Plaintiffs' Complaint must be dismissed because Plaintiffs lack standing to contest the underlying foreclosure.

Defendants state YES.

Whether Plaintiffs' Complaint must be dismissed because there is no genuine issue of material fact that the foreclosure complied with MCL 600.3201 et seq.

Defendants state YES.

# INDEX OF AUTHORITY

<u>Federal Cases</u>

*Ashcroft v Iqbal*, 556 U.S.___, 129 S. Ct. 19737, 1949 (2009)......................................15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 555 (2007)....................................................................................15

*Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997)..........................20

*Blackburn v Fisk University*,
443 F2d 121, 123 (6th Cir. 1971)........................................................................20

*Bragg v. Flint Bd. of Educ.*, *570 F.3d 775, 776* (6th Cir. 2009)........................................20

*Browning v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002).............................................22

*Commonwealth Inst. Secs., Inc.*,
394 F.3d 401, 405-406 (6th Cir. 2005)................................................................ 15

*Ellison v. Wells Fargo Home Mortg., Inc.*, No.
09-cv-14175, 2010 WL 3998091 (E.D. Mich. Oct. 12, 2010)................................ 24

*Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004).............................17

*For Interior Design Educ. Res. v. Savannah college of Art & Design*,
244 F.3d 521, 530 (6th Cir. 2001)........................................................................15

*G.M. Eng'rs and Assocs, Inc. v West Bloomfield Tp.*,
922 F. 2d 328, 330 (6th Cir. 1990)......................................................................15

*Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 892 (6th Cir. 2002)........................17

*Greenberg v Life Ins. Co. of Virginia*,
177 F 3d 507, 514 (6th Cir. 1999).......................................................................16

*In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir.1999)...................................17,18

*Jarbo v. BAC Home Loan Serv.*, No. 10-12632, 2010
WL 5173825 (E.D. Mich. Dec. 15, 2010).........................................................25, 26

*Kama v. Wells Fargo Bank*, No. 10-10514,
2010 WL 4386974 (E.D. Mich. Oct. 29, 2010)............................................ ....   23

*Livonia Props. v. 12840-12976 Farmington Road Holdings, LLC,*
No. 10-1782, 2010 WL 4275305, *4 (6th Cir. October 28, 2010)............................... 25,26

*Longaberger Co. v. Kolt*, 586 F.3d 459, 470 (6th Cir. 2009)....................................... 17

*Marrese v. Am. Academy of Orthopaedic Surgeons,*
470 U.S. 373, 381, 105 S. Ct. 1327, 1332, 84 L. Ed. 2d 274 (1985)..................................19

*Montana v. United States,*
440 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L. Ed. 2d 210 (1979)......................................19

*Morgan v Church's Fried Chicken,*
829 F2d 10, 12 (6th Cir. 1987)..............................................................................16

*Moriarty v. BNC Mortg., Inc.*, No. 10-13860,
2010 WL 5173830 (E.D. Mich. Dec.15, 2010).........................................................23

*Riddle v. Chase Home Fin.*, 2010 U.S. Dist. LEXIS 91247
(E.D. Mich. Jan. 13, 2010, J. David M. Lawson).......................................................18
*Smith v. Wells Fargo Home Mortg., Inc.*, E.D. Mich. No. 09-13988 (Aug. 16, 2010)..........7, 23

*Stein v. U.S. Bancorp et al.*, 2011 U.S. Dist. LEXIS 18357, Case No. 10-14026
(E.D. Mich. February 24, 2011) (J. Julian Abele Cook, Jr.)..............................................25

*Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1217-18 (6th Cir. 1990)..............................17

*Waldschmidt v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988)......................18

## State Cases

*Adair v. State*, 470 Mich. 105, 122, 680 N.W.2d 386, 396 (Mich. 2004)...........................20

*Baraga County v. State Tax Comm'n,*
466 Mich. 264, 269, 645 N.W.2d 13, 16 (Mich. 2002)................................................20

*Freeman v. Wozniak*, 617 N.W.2d 46, 48-49 (Mich. App. 2000)...............................24, 25

*Mission of Love v. Evangelist Hutchinson Ministries,*
No. 266219, 2007 WL 1094424 (Mich. App. Apr. 12, 2007).........................................24

*Overton v. Mortg. Elec. Registration Sys.,*
No. 284950, 2009 WL 1507342 (Mich. App. May 28, 2009)......................................23

*Piotrowski v. State Land Office Board*, 4 N.W.2d 514, 517 (Mich. 1942).............................23

*Residential Funding Co., Inc. v. Saurman,* ___ Mich ___; ___ NW2d ___
(Docket Nos. 290248, 291443; April 21, 2011)......................................................27

*Residential Funding Co., Inc. v. Saurman,* ___ Mich ___; ___ NW2d ___
(Docket Nos.143178, 143179; November 16, 2011)................................................27

*Schwartz v Flint,* 187 Mich App 191, 194; 466 NW2d 357 (Mich. Ct. App. 1992)...............20

*Senters v. Ottawa Savings Bank,* 503 N.W.2d 639, 643 (Mich. 1993)...............................24

*Sherrell v. Bugaski,* 169 Mich. App. 10, 13,
425 N.W.2d 707, 709 (Mich. Ct. App. 1988)......................................................7, 20

*Whitfield v. OCWEN Berkeley Fed. Bank & Trust,*
No. 221248, 2001 WL 1699782 (Mich. App. Dec. 28, 2001)....................................24

Rules/Statutes

11 U.S.C. § 521(1)......................................................................................17
28 U.S.C. § 1332....................................................................................1, 13

Fed. R. Civ. P. 12(b)(6)...............................................................................15
Fed. R. Civ. P. 56...................................................................................1, 10

LR 7.1(A)(2).............................................................................................9

MCL 445.252...........................................................................................14
MCL 600.1701..........................................................................................14
MCL 600.2907a.........................................................................................14
MCL 600.3201.......................................................................................5, 11
MCL 600.3204(1)(d).........................................................................25, 26, 27
MCL 600.3204(3)........................................................................................26
MCL 600.3212...........................................................................................23
MCL 600.3236...........................................................................................23
MCL 600.3240(8)........................................................................................23
MCL 600.5855...........................................................................................14

### STATEMENT OF CONCURRENCE

The undersigned attempted to comply with the requirements of LR 7.1(A)(2) by seeking concurrence in the relief sought in this Motion but concurrence was denied.

## INTRODUCTION

This suit involves a residential mortgage given as security for a $937,500.00 loan secured to the real property located at 5142 N. Territorial Road, Dexter, MI 48130 ("Subject Property") and the subsequent foreclosure/eviction. Plaintiffs' suit is their latest attempt to hinder and delay Residential Funding's right of possession following its February 22, 2007 foreclosure. As more fully described below, following the foreclosure, Plaintiffs filed for and received a Chapter 7 Bankruptcy Discharge eliminating their liability on the corresponding promissory note. Plaintiffs, with counsel, originally consented to a Judgment of Possession as to the Subject Property on November 14, 2008 in the eviction action. Following the consent, Plaintiffs' filed a separate Washtenaw County Circuit Court against Residential Funding which was dismissed, appealed to the Michigan Court of Appeals and affirmed. Following the affirmation and most recently, Plaintiffs attempted to set aside the Consent Judgment in the eviction proceedings based on similar grounds and were subsequently denied. Facing an impending lockout, Plaintiffs' filed their second suit with the Washtenaw County Circuit Court and obtained an ex-parte Temporary Restraining Order. Defendants removed the suit to this Court and this Motion followed.

For the reasons set forth below, Plaintiffs' Complaint should be dismissed entirely for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)6 and/or for Summary Judgment pursuant to Fed. R. Civ. P. 56.

**STATEMENT OF UNDISPUTED FACTS**

1.      On May 15, 2006 and recorded on June 12, 2006 in Liber 4563, Page 72 of Washtenaw County Records, Plaintiffs granted a mortgage to the Mortgage Electronic Registration Systems, Inc. as nominee for lender Franklin Financial and its assigns in exchange for a loan and note to Franklin Financial in the amount of $937,500.00 (hereafter the "Subject Mortgage").   (See **Exhibit 1, Mortgage**) (See, Plaintiffs' Complaint ¶ 7)

2.      The Subject Mortgage granted a security interest in the real property commonly known as 5142 N. Territorial Road, Dexter, MI 48130. (See **Exhibit 1, Mortgage**)   (See, Plaintiffs' Complaint ¶ 7).

3.      On November 10, 2006 and recorded on December 7, 2006, MERS assigned the mortgage to Residential Funding.  (See **Exhibit 2, Assignment of Mortgage**). (See, Plaintiffs' Complaint ¶ 10)

4.      Due to Plaintiffs' subsequent default, in or around October 2006, foreclosure by advertisement proceedings were commenced pursuant to the power of sale contained in the Mortgage and MCL 600.3201, et seq by Orlans on behalf of Residential Funding.  (See, Plaintiffs' Complaint ¶ 8)

5.      On February 22, 2007 a Sheriff's Sale was held in which Residential Funding was the highest bidder with said Sheriff's Deed providing a credit bid of $984,263.70 with a one year redemption period.  (See, **Exhibit 3, Sheriff's Deed**).

6.      On February 12, 2008, Plaintiffs filed a Chapter 13 Bankruptcy (later converted to a Chapter 7) in the U.S. District Court for the Eastern District of Michigan.  Plaintiffs did not list any cause of action related to the foreclosure or loan and acknowledged the foreclosure in their

Statement of Financial Affairs.   (See, **Exhibit 4, Bankruptcy Schedules**). (See, Plaintiffs'
Complaint ¶ 14).

7.      On August 26, 2008, Plaintiffs obtained a Chapter 7 Discharge eliminating any personal
liability on the promissory note.  (See **Exhibit 5, Discharge**). (See, Plaintiffs' Complaint ¶ 15).

8.      On or about November 3, 2008, Orlans filed a Summons and Complaint on behalf of
Residential Funding seeking a Judgment for Possession for the Subject Property in the 14-A
District Court for the State of Michigan.  (See Plaintiffs' Complaint ¶ 12).

9.      On November 14, 2008, Plaintiff's executed a Consent Judgment, through counsel, with a
writ date to issue on or after December 30, 2008 (See **Exhibit 6, Consent Judgment**).  (See,
Plaintiffs' Complaint ¶ 12).

10.     On March 20, 2009 Defendants, through counsel, filed a lawsuit in the Washtenaw
County Circuit Court against Residential Funding alleging Residential Funding violated the
Michigan Consumer Protection Act by misrepresenting terms of the Subject Mortgage and
failing to determine whether Plaintiffs were unable to afford the terms of the Subject Mortgage.
The eviction proceedings were stayed pending the outcome.  (See **Exhibit 7, Complaint**).  (See,
Plaintiffs' Complaint ¶ 16).

11.     On October 26, 2009, Washtenaw County Circuit Court granted Residential Funding's
Motion for Summary Disposition and dismissed the suit.  Plaintiffs would later file a Motion to
Vacate which was also denied after a hearing.  Plaintiffs would appeal the decision to the
Michigan Court of Appeals.  (See **Exhibit 8, Orders**)  (See, Plaintiffs' Complaint ¶ 16, 18).

12.     Following a series of involuntary dismissals and reinstatements, the Michigan Court of
Appeals affirmed the Circuit Court's order on July 26, 2011.  (See **Exhibit 9, Opinion**).  (See,
Plaintiffs' Complaint ¶ 20).

13.     On or about August 11, 2011, Residential Funding filed a Motion for Writ of Restitution because more than 56 days had passed since the original Consent Judgment pursuant to MCR 4.201(L).  (See, Plaintiffs' Complaint ¶ 21).

14.     In response, Plaintiffs, in pro per, filed a Motion for Summary Disposition, and then later through current counsel, a Motion to Set Aside the Consent Judgment based on reasons similar to the current Complaint.  (See, Plaintiffs' Complaint ¶ 21, 22).

15.     On October 26, 2011, the 14-A District Court denied Plaintiffs' Motion, granted Residential Funding's Motion with the Writ to issue on November 19, 2011.  The 14-A District Court would later memorialize its ruling in a separate opinion.  (See **Exhibit 10, Opinion**). (See, Plaintiffs' Complaint ¶ 23).

16.     On or about November 17, 2011, Plaintiffs filed their second and current Summons and Complaint with the Washtenaw County Circuit Court and obtained an ex-parte Temporary Restraining Order enjoining Residential Funding from evicting Plaintiffs. (See **Exhibit 11, TRO**).

17.     On November 23, 2011, Defendants removed Plaintiffs' action to this Court on the basis of Diversity Jurisdiction under 28 U.S.C. § 1332 and fraudulent joinder.

## NATURE OF PLAINTIFFS' ALLEGATIONS

Plaintiff's Complaint consists of 10 Counts. Count I alleges the Washtenaw County Circuit Court lacked subject matter jurisdiction to issue its original October 26, 2009 ruling thereby precluding the decision from having a res judicata effect. Count II alleges Defendants perpetrated fraud on the 14-A District Court and Washtenaw County Circuit Court by initiating a wrongful foreclosure. Plaintiffs argue Residential Funding lacked the authority to foreclose under MCL 600.3204, the Assignment of Mortgage from MERS to Residential Funding was invalid, and the 14-A District Court lacked the Subject Matter Jurisdiction to hear the eviction because the foreclosure was allegedly invalid. Count III is for Concert of Action, Count IV is for Quiet Title, Count V is for Wrongful Foreclosure, and Count VI is for Fraudulent Conveyance - all based on the same arguments stated in Count II.

Count VII is based on MCL 600.1701, a criminal statute, for Misconduct and Abuse of Process due to Defendants' alleged "fraud perpetrated upon [the] Court" for the alleged invalid foreclosure. (See, Plaintiffs' Complaint ¶ 106). Count VIII is based on MCL 600.2907a for recording a fraudulent document (Sheriff's Deed), Count IX is based on Fraudulent Concealment under MCL 600.5855 (filing Sheriff's Deed in eviction action), and Count X is based on MCL 445.252 for wrongful unspecified collection activity related to the foreclosure and eviction – all for the same "fraud perpetrated upon [the] Court" previously stated in their Complaint. (See, Plaintiffs' Complaint ¶ 109, 111, 113). Plaintiffs seek to void the original Subject Mortgage and promissory note, set aside the Sheriff's Sale, set aside the eviction Consent Judgment and for unspecified actual and exemplary damages.

## STANDARD OF REVIEW

Fed R. Civ. P. 12(b)(6) authorizes this Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be grated[.]"  In reviewing a motion to dismiss pursuant to Fed. R. Civ. 12(b)(6), the Court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs and Assocs, Inc. v. West Bloomfield Tp., 922 F. 2d 328, 330 (6th Cir. 1990).*  To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must "give the defendant fair notice of what the claim is and the grounds upon which it rests, by providing either direct or inferential allegations respecting all the material elements to sustain a recovery." *In re Commonwealth Inst. Secs., Inc., 394 F.3d 401, 405-06 (6th Cir. 2005).*

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).*  It is well-established that a claimant must "allege a factual predicate concrete enough to warrant further proceedings. . ." *Found. For Interior Design Educ. Res. V. Savannah college of Art & Design, 244 F.3d 521, 530 (6th Cir. 2001).*  A properly pleaded complaint requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal, 556 U.S.___, 129 S. Ct. 1937, 1949 (2009).*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*  "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A plaintiff must do more than allege bare conclusions of law, and the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).* Moreover, a court is "not bound by allegations that are clearly unsupported and unsupportable[.]  [A court] should not accept as true allegations that are in conflict with facts judicially known to the Court...." *Blackburn v. Fisk University, 443 F.2d 121, 123 (6th Cir. 1971).*

Rule 12(b) of the Federal Rules of Civil Procedure provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Under certain circumstances, however, a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings. See, 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.30[4] (3d ed. 1998). This occurs when "a document is referred to in the complaint and is central to the plaintiff's claim . . . ." *Id.* In such event, "the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." See also *Greenberg v. Life Ins. Co. of Virginia*, 177 F 3d 507, 514 (6th Cir. 1999).

## ARGUMENT

### A. Plaintiffs' Complaint Has Failed to State a Claim for Relief Because Plaintiffs' Arguments are Barred by the Doctrine of Judicial Estoppel

First, Plaintiffs' allegations in Counts I - VI primarily focus on the Subject Mortgage, pre-foreclosure Assignment of Mortgage and foreclosure itself by providing various reasons for the invalidity of the documents. While Plaintiffs' Counts VII – X allege Defendants perpetrated

fraud on the Courts, their arguments hinge on the fact the foreclosure was allegedly invalid. Thus, the crux of Plaintiffs' Complaint is whether or not the foreclosure was invalid.

Plaintiffs' Complaint fails to state a claim for relief because the Complaint is barred under the doctrine of judicial estoppel due to their failure to raise or disclose their alleged claim and arguments against Defendants in their 2009 Bankruptcy schedules. The doctrine of judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding. *Great Earth Companies, Inc. v. Simons,* 288 F.3d 878, 892 (6th Cir. 2002). Judicial estoppel is an equitable doctrine that "preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." *Longaberger Co. v. Kolt*, 586 F.3d 459, 470 (6th Cir. 2009) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1217-18 (6th Cir. 1990)). The doctrine applies where a party is "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Id.* (internal quotation marks and citations omitted).

The Bankruptcy Code required Plaintiffs to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." See,11 U.S.C. § 521(1). A legal claim or cause of action is an asset that must be listed under § 521(1). See, *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004)(emphasis added). Additionally, "[t]he duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir.1999) (citation omitted). As discussed by the Court in *Eubanks*, the pursuit of a

cause of action not disclosed as an asset in a bankruptcy proceeding creates an inconsistency sufficient to support judicial estoppel because the debtor has already asserted the position that no such claims existed. *Eubanks*, supra at 775.

In *Riddle v. Chase Home Fin.*, 2010 U.S. Dist. LEXIS 91247 (E.D. Mich. Jan. 13, 2010, J. David M. Lawson) this Court addressed whether judicial estoppel bars a cause of action following a plaintiff's failure to disclose such claim(s) on a bankruptcy schedule. In *Riddle*, the plaintiff-borrower brought several federal and state related claims against the defendant-lender. *Id.* at *5. The plaintiff filed a Chapter 7 bankruptcy in 2008, filed her Complaint on January 23, 2009 and obtained a discharge on January 30, 2009. *Id.* at *4. The plaintiff failed to list or otherwise disclose her alleged claims in her bankruptcy schedules. *Id.* The defendant-lender moved for summary judgment based on the doctrine of judicial estoppel. *Id.* at *4-5. This Court determined that the doctrine of judicial estoppel barred the plaintiff-borrower from pursuing a cause of action due to her failure to raise or disclose her claims in the bankruptcy proceeding, reasoning as follows:

> "The integrity of our bankruptcy system 'depends on a full and honest disclosure by debtors of all their assets.' *In re Coastal Plains, Inc.*, 179 F.3d at 208. Here, the plaintiff failed to supplement her disclosures to identify the present cause of action, even though the action was pending in the Wayne County circuit court by the time the plaintiff obtained a discharge of her debts from the bankruptcy court. When the bankruptcy court discharged the plaintiff's debts, it presumably relied on the representation that the plaintiff had no assets other than the ones she listed on her sworn schedule of assets. By suing the defendant, the plaintiff is now asserting the contrary position. And by doing so, the plaintiff might well be usurping the right of a bankruptcy trustee to bring causes of action belonging to the bankruptcy estate. See *Waldschmidt v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988)." *Id.* at *15-16.

Similarly in this action, Plaintiffs' Bankruptcy schedules are devoid of any reference to a claim or dispute pertaining to the Subject Mortgage or the Sheriff's Sale even though Plaintiffs filed for Bankruptcy during the redemption period. (See **Exhibit 4, Bankruptcy Schedules**). To

the contrary, Plaintiffs' schedules specifically acknowledge the fact Plaintiffs no longer held an interest in the Subject Property following the February 22, 2007 Sheriff's Sale and the fact that Plaintiffs no longer hold an interest in the Subject Property at all. (See **Exhibit 4, Bankruptcy Schedules - Sch. A and Stmt. Of Fin. Affairs**). Moreover, Plaintiffs are now attempting to void the Subject Mortgage and promissory note by arguing the original lender never existed at all (and thus the "contract is void"). (See Plaintiff's Complaint, ¶37). However, Plaintiffs' specifically acknowledged the February 22, 2007 Sheriff's Sale and Franklin Credit on their Statement of Financial Affairs. (See **Exhibit 4, Bankruptcy Schedules - Stmt. Of Fin. Affairs**). Plaintiffs are now barred under the doctrine of judicial estoppel from asserting any cause of action relating to the Subject Mortgage or Sheriff's Sale, as such position is clearly inconsistent with their prior representations to the Bankruptcy Court. While some of Plaintiffs' allegations concern the eviction proceedings filed a few months after obtaining their Chapter 7 discharge (August 26, 2008 vs. November 3, 2008), Plaintiffs' allegations concerning the eviction simply rely on the alleged invalidity of the foreclosure, and do not alleged any independent transaction or occurrence separate from the foreclosure. Thus, Plaintiffs' Complaint has failed to state a claim for relief because their entire Complaint hinges on the alleged invalid foreclosure which is barred due to the doctrine of judicial estoppel.

**B.** **Plaintiffs' Complaint Has Failed to State a Claim for Relief Because Plaintiffs' Arguments are Barred by the Doctrine of Res Judicata**

Second, the doctrine of res judicata bars Plaintiffs' allegations. Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L. Ed. 2d 210 (1979). Federal courts give the same preclusive effect to a state court judgment as the courts of the state rendering the judgment. *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S.

373, 381, 105 S. Ct. 1327, 1332, 84 L. Ed. 2d 274 (1985). Michigan courts rendered the judgments at issue in this case. Michigan Courts apply res judicata where the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the later action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Bragg v. Flint Bd. of Educ., 570 F.3d 775, 776* (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

The first of these elements is satisfied as in several of the parties' previous lawsuits, a court of competent jurisdiction rendered a final judgment on the merits. The 14-A District Court entered the original November 14, 2008 Consent Judgment and later denied Plaintiffs' Motion for Summary Disposition/Motion to Set Aside Consent Judgment. (See **Exhibit 6, Consent Judgment, Exhibit 10, Opinion**) (See, Plaintiffs' Complaint ¶¶ 12, 23). "Res judicata applies to consent judgments." *Schwartz v Flint*, 187 Mich App 191, 194; 466 NW2d 357 (Mich. Ct. App. 1992). The Washtenaw County Circuit Court granted Residential Funding's Motion for Summary Disposition in the March 20, 2009 lawsuit. (See **Exhibit 8, Orders**) (See, Plaintiffs' Complaint ¶¶ 16, 18). When a motion for summary disposition is granted, the decision is considered "on the merits." *Sherrell v. Bugaski*, 169 Mich. App. 10, 13, 425 N.W.2d 707, 709 (Mich. Ct. App. 1988).

Second, this case involves the same parties or their privies. Residential Funding was a Defendant in the first Washtenaw County Circuit Court lawsuit and the Plaintiff in the 14-A District Court eviction matter.   (See, Plaintiffs' Complaint ¶¶12, 16). While Defendant Orlans was not a specific party to the other suits, Residential Funding, who was a party, stood in privity with Orlans.  The Michigan Supreme Court has indicated that "[t]he outer limit of the doctrine

[of privity] traditionally requires both a "substantial identity of interests" and a "working functional relationship" in which the interests of the nonparty are presented and protected by the party in the litigation. *Adair v. State*, 470 Mich. 105, 122, 680 N.W.2d 386, 396 (Mich. 2004) (citations omitted) (quoting *Baraga County v. State Tax Comm'n*, 466 Mich. 264, 269, 645 N.W.2d 13, 16 (Mich. 2002)). Orlans stands in privity with Residential Funding because Orlans represented Residential Funding during the foreclosure, eviction and bankruptcy process and represented Residential Funding in the prior Circuit Court case. Plaintiffs' allegations against Orlans are only related to its representation of Residential Funding in the various proceedings. As its attorney, Orlans has a "working functional relationship" and "substantial identity of interests" with Residential Funding because Orlans has a vested interest in ensuring the foreclosure process complied with applicable laws. As a result, Orlans should be considered to be in privity with Residential Funding for purposes of this res judicata analysis.

As to the third requirement, the issues raised by Plaintiff in this suit were raised or should have been raised in previous suits. The Michigan Supreme Court has taken a "broad approach" to res judicata, holding that the doctrine "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair*, 470 Mich. at 121, 680 N.W.2d at 396. In the 14-A District Court eviction action, Plaintiffs consented to a Judgment of Possession and elected not to contest the February 22, 2007 foreclosure the eviction action was based on. (See **Exhibit 6, Consent Judgment**). (See, Plaintiffs' Complaint ¶ 12). If Plaintiffs wanted to challenge the alleged invalid foreclosure, they should have done so at that time. As indicated above, "[r]es judicata applies to consent judgments." *Schwartz,* 466 NW2d at 357. Moreover, Plaintiffs' previous March 20, 2009 Circuit Court lawsuit alleged that Residential Funding failed to properly

consider Plaintiffs' ability to repay the loan or misrepresented terms of the loan.  (See **Exhibit 7, Complaint**).   Plaintiffs should have raised any allegations regarding the invalid foreclosure or Defendants' fraud perpetrated on the 14-A District Court at that time as well.  When Plaintiffs attempted to raise their allegations recently in the eviction, the 14-A District Court agreed that res judicata barred their latest challenge.  (See **Exhibit 10, Opinion**).  Plaintiffs have had multiple opportunities to raise their allegations in the past, but have instead waited to the last minute in an attempt to further delay Residential Funding's right of possession to the property.

As to the final requirement, the identity of the causes of action requires that the claims arose out of the same transaction or series of transactions, or that the claims arose out of the same core of operative facts. *Browning v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002).  Here, all of Plaintiffs' claims are directly related to the Subject Mortgage and resulting foreclosure. Plaintiffs have not plead any separate transaction or claims that is unrelated to either the Subject Mortgage or foreclosure.

Because each of the four elements of res judicata is satisfied, Plaintiffs' allegations should have been raised in the previous Circuit Court lawsuit or eviction.  As a result, this Court must grant Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)6 and dismiss Plaintiff's Complaint with prejudice.

**C.     Plaintiffs' Complaint Has Failed to State a Claim for Relief Because Plaintiffs' Are Barred From Asserting any Challenge to the Foreclosure**

Third, Plaintiffs' have failed to state a claim for relief because they no longer have standing to challenge the underlying foreclosure.  Under settled Michigan law, Plaintiffs do not have standing to assert any claims with respect to the Subject Property after the expiration of the statutory redemption period.  Under MCL §600.3236:

Unless the premises described in shall be redeemed within the time limited for

such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter . . . .

In this case, the applicable statutory redemption period from the February 22, 2007 foreclosure was one year. MCL § 600.3240(8). Thus, all rights, title, and interest vested in Plaintiff on November 20, 2009 (the day Residential Funding obtained relief from Plaintiffs' Automatic Bankruptcy Stay).

In *Piotrowki v. State Land Office Board, 4 N.W.2d 514, 517 (1942)*, the Michigan Supreme Court held that the mortgagors (1) had "lost all their right, title, and interest in and to the property at the expiration of their right of redemption," and (2) could not assert the right of parties "having an interest in the land" to meet the highest bid at the scavenger sale. The standard under *Piotrowsk*i has been applied by Michigan courts - and by federal courts applying Michigan law - to bar former owners from making any claims with respect to the property after the end of the redemption period. See *Smith v. Wells Fargo Home Mortg., Inc.*, E.D. Mich. No. 09-13988 (Aug. 16, 2010), ECF No. 26 (dismissing former owner's claims of fraud, unjust enrichment, breach of an implied agreement, misrepresentation, unjust enrichment, quiet title, constructive trust, and violation of a breach of public policy for lack of standing because the redemption period expired during pendency of litigation); *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342 (Mich. App. May 28, 2009) (dismissing former owner's claim of fraud where redemption period expired one month after litigation was initiated); see also, e.g., *Moriarty v. BNC Mortg., Inc.*, No. 10-13860, 2010 WL 5173830 (E.D. Mich. Dec.15, 2010) (dismissing action for declaratory judgment voiding foreclosure proceedings); *Kama v. Wells Fargo Bank*, No. 10-10514, 2010 WL 4386974 (E.D. Mich. Oct. 29, 2010) (dismissing action for temporary injunction enjoining foreclosure; violation of the foreclosure by

advertisement statute, MCL § 600.3212; quiet title; and promissory estoppel); *Mission of Love v. Evangelist Hutchinson Ministries*, No. 266219, 2007 WL 1094424 (Mich. App. Apr. 12, 2007) (dismissing temporary restraining order and quiet title claims).

Absent a clear showing of fraud, accident or mistake in the foreclosure proceedings themselves, a court cannot extend the redemption period (thereby providing standing to a borrower to challenge the foreclosure). See *Freeman v. Wozniak*, 617 N.W.2d 46, 48-49 (Mich. App. 2000) (stating that "because the statute pertaining to redemption clearly specified the requirements that the plaintiff had to fulfill in order to redeem her property, there was 'no room for equitable considerations absent fraud, accident, or mistake.'") (quoting *Senters v. Ottawa Savings Bank*, 503 N.W.2d 639, 643 (Mich. 1993)); see also *Senters*, 503 N.W.2d at 644 (noting that, where foreclosure is by advertisement rather than judicial, "a statute is applicable to the circumstances and dictates the requirements for relief by one party, [and thus] equity will not interfere"). Moreover, the fraud, accident, or mistake must relate to the foreclosure proceeding itself. See *Ellison v. Wells Fargo Home Mortg., Inc.*, No. 09-cv-14175, 2010 WL 3998091 (E.D. Mich. Oct. 12, 2010) (refusing to set aside foreclosure where plaintiff's assertion of fraud related to matters independent of the foreclosure proceedings themselves); *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782 (Mich. App. Dec. 28, 2001) (refusing to set aside foreclosure where plaintiff - who was the owner, but not mortgagor with respect to, the subject property- asserted that foreclosing party committed fraud by not honoring a promise to notify him of default and foreclosure because "[t]he type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself").

Here, Plaintiffs' fraud arguments are aimed at the assignment of mortgages and the fact that MERS once held the mortgage interest. Plaintiffs argue that because MERS did not own an

interest in the indebtedness, i.e. the promissory note, then Residential Funding did not have the statutory authority to foreclosure pursuant to MCL 600.3204(1)(d). (See Plaintiffs' Complaint ¶¶ 39-41). Plaintiffs also argue that MERS lacked the authority to execute the Assignment of Mortgage. (See Plaintiffs' Complaint ¶¶ 43-44). In fact, in *Stein v. U.S. Bancorp et al.*, 2011 U.S. Dist. LEXIS 18357, Case No. 10-14026 (E.D. Mich. February 24, 2011) (J. Julian Abele Cook, Jr.), the plaintiff argued that the defendant lacked the legal right to foreclosure on the mortgage due to similar alleged irregularities in the assignment of mortgage executed prior to foreclosure. *Stein,* 2011 U.S. Dist. LEXIS 18357 at *32. The Court determined that the plaintiff, as a non-party to the assignments of the mortgage, lacked standing to proffer any challenge to the assignments. *Id.* citing *Livonia Props. v. 12840-12976 Farmington Road Holdings, LLC*, No. 10-1782, 2010 WL 4275305, *4 (6th Cir. October 28, 2010) ("[T]here is ample authority to support the proposition that that a litigant who is not a party to an assignment lacks standing to challenge that assignment."); See also *Jarbo v. BAC Home Loan Serv.*, No. 10-12632, 2010 WL 5173825 (E.D. Mich. Dec. 15, 2010) (rejecting borrower's claim that defective assignment destroys record chain of title and divests mortgage holder of standing to foreclose). Plaintiffs are unable to challenge the Assignment of Mortgage in case this because they were a non-party to the Assignment.

Plaintiffs' arguments do no address any fraud in the foreclosure proceedings that would extend the redemption period as required by the case law cited above. While Plaintiffs argue Residential Funding did not comply with MCL 600.3204(1)(d) and thereby committed "fraud," Plaintiffs are merely challenging the assignment of mortgage and foreclosure - not alleging any type of behavior that would amount to fraud. As a result, Plaintiffs cannot now attempt to challenge the foreclosure proceedings because redemption has expired and there is no basis for

this Court to extend the redemption period.  See *Freeman v. Wozniak*, 617 N.W.2d 46, 48-49 (Mich. App. 2000).  Because Plaintiffs' lack standing to challenge the foreclosure, their entire Complaint fails to state a claim for relief and must be dismissed under Fed. R. Civ. P. 12(b)6.

**D.    There Is No Genuine Issue of Material Fact that the Foreclosure Was Conducted In Compliance with Michigan Non-Judicial Statutes**

Finally, even if this Court determined Plaintiffs' allegations are not barred by judicial estoppel, res judicata or lack of standing, there is no genuine issue of material fact that the foreclosure was conducted properly.   If this Court determines the foreclosure was valid, Plaintiffs' entire Complaint must be dismissed because every count depends on the foreclosure's invalidity.   Plaintiffs' argue the foreclosure was invalid because the MERS executed the Assignment of Mortgage without authority and Residential Funding was not an entity entitled to foreclose under MCL 600.3204(1)(d) due to alleged discrepancies in the related promissory note.

As indicated above, Plaintiffs are a non-party to the Assignment of Mortgage. As a non-party, Plaintiffs lack standing to challenge the Assignment of Mortgage. *Stein,* 2011 U.S. Dist. LEXIS 18357 at *32.  citing *Livonia Props. v. 12840-12976 Farmington Road Holdings, LLC*, No. 10-1782, 2010 WL 4275305, *4 (6th Cir. October 28, 2010) ("[T]here is ample authority to support the proposition that that a litigant who is not a party to an assignment lacks standing to challenge that assignment."); See also *Jarbo v. BAC Home Loan Serv.*, No. 10-12632, 2010 WL 5173825 (E.D. Mich. Dec. 15, 2010) (rejecting borrower's claim that defective assignment destroys record chain of title and divests mortgage holder of standing to foreclose).  The only question then becomes whether the Assignment of Mortgage was recorded prior to the date of sale in compliance with MCL 600.3204(3).  Here, the Assignment of Mortgage was executed on November 10, 2006 and recorded on December 7, 2006.   (See **Exhibit 2, Assignment of Mortgage**).  On February 22, 2007 a Sheriff's Sale was held in which Residential Funding was

the highest bidder with said Sheriff's Deed providing a credit bid of $984,263.70 with a one year redemption period. (See, **Exhibit 3, Sheriff's Deed**).  Because the Assignment of Mortgage was recorded prior to the date of sale, Residential Funding complied with MCL 600.3204(3).

As to whether Residential Funding was an entity pursuant to MCL 600.3204(1)(d), Plaintiffs' argue that under the Michigan Court of Appeals' decision of *Residential Funding Co., Inc. v. Saurman,* ___ Mich ___; ___ NW2d ___ (Docket Nos. 290248, 291443; April 21, 2011), Residential Funding was not the owner of indebtedness, owner of an interest in the indebtedness secured by the mortgage, or the servicing agent pursuant to MCL 600.3204(1)(d). Plaintiffs' rely on the Michigan Court of Appeals' hodling that MERS did not own an interest in the indebtedness secured by the mortgage under MCL 600.3204(1)(d).   However, the *Saurman* decision was recently reversed by the Michigan Supreme Court in *Residential Funding Co., Inc. v. Saurman,* ___ Mich ___; ___ NW2d ___ (Docket Nos.143178, 143179; November 16, 2011) which held "the Legislature's use of the phrase 'interest in the indebtedness' to denote a category of parties entitled to foreclose by advertisement indicates *the intent to include mortgagees of record among the parties entitled to foreclose by advertisement . . .*" (emphasis added) (See **Exhibit 12, *Saurman* Slip Opinion, pg. 2**).  Thus, the Michigan Supreme Court has interpreted MCL 600.3204(1)(d) to include any mortgagee of record as a party entitled to foreclose.   The issue of whether Residential Funding was the servicing agent, owner of the indebtedness or what the status of the promissory note was are irrelevant to whether Residential Funding complied with MCL 600.3204(1)(d).   Here, Residential Funding was a mortgagee of record and thus complied with MCL 600.3204(1)(d).  (See **Exhibit 2, Assignment of Mortgage**).  As a result, there is no genuine issue of material fact that the Sheriff's Sale was valid, and thus Plaintiffs' entire Complaint must be dismissed with prejudice.

## REQUESTED RELIEF

WHEREFORE, for all the reasons stated herein, Defendants request that this Court

dismiss Plaintiff's Complaint with prejudice, award reasonable attorney fees and costs for

defending in this matter and for any other relief as this Court may see fit to award.

Respectfully Submitted:

Dated:  December 9, 2011                    /s/ Justin F. Carter_____
                                            By: Justin F. Carter (P71650)
                                            Attorney for Defendants
                                            1650 W Big Beaver Rd
                                            Troy, MI 48084
                                            (248) 502-1573
                                            jcarter@orlans.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL J. BAKER, and
SUZIE C. BAKER,

                         Case No.2:11-cv-15169
                         Hon. David M. Lawson, presiding
       Plaintiffs,             Hon. Paul J. Komives, referral

v.

                         Removed from Case No. 11-1260-CH in the
RESIDENTIAL FUNDING         Washtenaw County Circuit Court
COMPANY, LLC, and           Hon. Timothy P. Connors
ORLANS ASSOCIATES, P.C.;

       Defendants.

_____

## PROOF OF SERVICE

    I hereby certify that on December 9, 2011 I electronically filed Defendant's Motion to Dismiss For Failure to State a Claim For Relief Pursuant to Fed. R. Civ. P. 12(b)(6) and/or For Summary Judgment Pursuant to Fed. R. Civ. P. 56, Brief in Support, and this Proof of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Beatriz H. Coleman, Esq.  and Justin F. Carter, Esq.

    I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

                        /s/*Meagan L. Rowe*_____
                        Meagan L. Rowe

December 9, 2011

1