IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL J. BAKER, and
SUZIE C. BAKER,

        Plaintiffs,

v.

RESIDENTIAL FUNDING
COMPANY, LLC, and
ORLANS ASSOCIATES, P.C.;

        Defendants.

Case No.2:11-cv-15169
Hon. David M. Lawson, presiding
Hon. Paul J. Komives, referral

Removed from Case No. 11-1260-CH in the
Washtenaw County Circuit Court
Hon. Timothy P. Connors

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO REMAND

NOW COME Defendants Residential Funding Company, LLC ("Residential Funding") and Orlans Associates, P.C. ("Orlans") (collectively "Defendants") by and through its attorney Orlans Associates, P.C., and submit this Response to Plaintiffs' Motion to Remand as follows::

1. Denied. By way of further response, please see Defendants' accompanying Brief.

2. Defendants admit that Plaintiffs are seeking to set aside the foreclosure, but deny that there is any basis for the relief requested in Plaintiffs' Complaint.

3. Defendants admit only that Plaintiffs allege what is stated in this paragraph, but deny that Plaintiffs have stated any claim for relief or other basis to grant the relief Plaintiffs seek.

4. Defendants admit only that Plaintiffs allege what is stated in this paragraph, but deny ~~that Plaintiffs have stated any claim for relief or other basis to grant the relief~~ Plaintiffs seek.

5. Defendants admit only that Plaintiffs allege the relief they seek in this paragraph, but deny that Plaintiffs have stated any claim for relief or other basis to grant the relief Plaintiffs seek.

6. Admitted.

7. Denied. By way of further response, please see Defendants' accompanying Brief.

8. Denied. By way of further response, please see Defendants' accompanying Brief.

WHEREFORE, Defendants request this Court deny Plaintiffs' Motion to Remand, award attorney fees and costs for having to defend in the motion and for any other relief as may be appropriate.

Dated: February 28, 2012

/s/ Justin F. Carter
By: Justin F. Carter (P71650)
Attorney for Defendants
1650 W Big Beaver Rd
Troy, MI 48084
(248) 502-1573
jcarter@orlans.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL J. BAKER, and
SUZIE C. BAKER,

       Plaintiffs,

v.

RESIDENTIAL FUNDING
COMPANY, LLC, and
ORLANS ASSOCIATES, P.C.;

       Defendants.

Case No. 2:11-cv-15169
Hon. David M. Lawson, presiding
Hon. Paul J. Komives, referral

Removed from Case No. 11-1260-CH in the
Washtenaw County Circuit Court
Hon. Timothy P. Connors

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR RESPONSE TO PLAINTIFFS' MOTION TO REMAND

# TABLE OF CONTENTS

**Page No.**

Statement of Issues..................................................................................5

Statement of Controlling Authority/Index of Authorities...............................................6

Brief in Support......................................................................................3

    Counter-Statement of Facts........................................................................7

    Introduction ......................................................................................8

    Standard of Review...............................................................................8

    Argument.........................................................................................9

        A.    Plaintiffs' Motion to Remand Must be Denied Because the *Rooker-Feldman* Doctrine Does Not Apply to Removed Cases........................................................9

        B.    Even if this Court Determined the *Rooker-Feldman* Doctrine Applied to Removed Cases, Plaintiffs' Complaint Does Not Seek Review of a State Court Judgment or Allege the State Court Judgment is the Source of Plaintiffs' Harm.............................................................10

Conclusion.........................................................................................15

Relief Requested...................................................................................16

Index of Exhibits..................................................................................17

## STATEMENT OF ISSUES

Whether Plaintiffs' Motion to Remand must be denied because the *Rooker-Feldman* doctrine does not apply to removed cases?

Defendants state YES.

Whether Plaintiffs' Motion to Remand must be denied because even if the *Rooker-Feldman* doctrine applied to removed cases, Plaintiffs' have failed to allege the harm suffered was the result of a state court judgment?

Defendants state YES.

# INDEX OF AUTHORITY

**Federal Cases**                                                                                                    **Page No.**

*Bianchi v. Rylaarsdam*, 334 F.3d 895 (9th Cir. 2003)......................................................9

*Coles v. Granville,* 448 F.3d 853 (6th Cir. 2006)........................................................10

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517,
161 L. Ed. 2d 454 (2005)................................................................................8-11, 13, 15

*GASH Assocs. v. Rosemont*, 995 F.2d 726 (7th Cir. 1993)..............................9, 11, 13

*Golden v. United States Bank Nat'l Ass'n, NA*, 2012 U.S. Dist. LEXIS 11638
(J. Denise Hood, E.D. Mich. Jan. 31, 2012).....................................................8-10

*Hood v. Keller*, 341 F.3d 593 (6th Cir. 2003)................................................................9

*McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006)......................................8, 11-15

*Muhammad v. Paruk*, 553 F. Supp. 2d 893 (E.D. Mich. 2008)........................................8

*Sanford v. Std. Fed. Bank*, 2011 U.S. Dist. LEXIS 17465
(J. Patrick Duggan, E.D. Mich. Feb. 23, 2011......................................................14, 15

**State Cases**

*N/A*

**Rules/Statutes**

28 U.S.C. § 1332..........................................................................................................8

MCL 445.252..............................................................................................................12

MCL 565.371..............................................................................................................12

MCL 600.1701............................................................................................................12

MCL 600.2907A.........................................................................................................12

MCL 600.5855............................................................................................................12

## COUNTER-STATEMENT OF FACTS

For brevity's sake, Defendants' incorporate in its Counter-Statement of Facts, the facts and exhibits included with their Motion to Dismiss filed as Doc No. 2 in this matter.

## INTRODUCTION

Plaintiffs' Motion to Remand appears to focus solely on this Court's alleged lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Plaintiffs' Motion does not argue that there is lack of diversity between the parties or that the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332. As such, Defendants' Response will focus on the *Rooker-Feldman* doctrine allegations.

## STANDARD OF REVIEW

The *Rooker-Feldman* doctrine holds that a U.S. District Court lacks subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005). "Based on *Exxon*, three elements must be met before the *Rooker-Feldman* doctrine can be applied: 1) the party who lost in the state court proceeding must have filed the lawsuit in federal court; 2) the state court judgment was rendered before the federal lawsuit was filed; and 3) the issue in the federal lawsuit was caused by the state court judgment." *Golden v. United States Bank Nat'l Ass'n, NA*, 2012 U.S. Dist. LEXIS 11638, 6-7 (J. Denise Hood, E.D. Mich. Jan. 31, 2012) citing *Muhammad v. Paruk*, 553 F. Supp. 2d 893, 897 (E.D. Mich. 2008).

*Rooker-Feldman* applies only where a state court judgment is the source of the injury upon which plaintiff bases his federal claim. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id. at 393*. "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a

case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Exxon*, 544 U.S. at 293, 125 S. Ct. at 1527 (alterations in original) (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)). A federal district court does not lose subject matter jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* "In determining the applicability of the *Rooker-Feldman* doctrine, federal courts 'cannot simply compare the issues involved in the state court proceedings to those raised in the federal court Plaintiff's Complaint,' but instead 'must pay close attention to the relief sought by the federal court Plaintiff.'" *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)

## ARGUMENT

### A. Plaintiffs' Motion to Remand Must Be Denied Because the *Rooker-Feldman* Doctrine Does Not Apply to Removed Cases

First, the *Rooker-Feldman* doctrine does not apply in this case because Plaintiffs did not file this suit originally in federal court as required by *Exxon*. The case of *Golden v. United States Bank Nat'l Ass'n, N.A.*, 2012 U.S. Dist. LEXIS 11638 (J. Denise Hood E.D. Mich. Jan. 31, 2012) is instructive in this case. (See **Exhibit 1,** *Golden* **Opinion**).

In *Golden*, defendant-bank filed an eviction action for possession of the property in the 32A District Court, State of Michigan following the foreclosure and expiration of redemption. *Golden*, 2012 U.S. Dist. LEXIS 11638 at *3. The plaintiff-borrowers filed a Notice challenging the jurisdiction of the 32A District Court and contesting the matter. *Id.* After a hearing, the 32A District Court entered a Judgment of Possession in favor of defendant-bank. *Id.* Plaintiff-borrowers would then file a lawsuit with the Wayne County Circuit Court which defendant-bank subsequently removed to the U.S. District Court for the Eastern District of Michigan. *Id.*

Defendant-bank would later file a Motion for Summary Judgment on the basis of the *Rooker-Feldman* doctrine among other arguments. *Id.* at *5.

The plaintiff-borrowers argued that the *Rooker-Feldman* doctrine did not apply because they did not file the lawsuit originally with the federal court, but rather, defendant-bank removed the lawsuit. *Id.* at * 7. The Court cited *Exxon* and indicated that ". . . in order for the *Rooker-Feldman* doctrine to be applied, the plaintiffs must have filed the action before the federal district court . . ." *Id.* citing *Exxon, 544 U.S. at 284*; *Coles v. Granville,* 448 F.3d 853, 857-58 (6th Cir. 2006). The Court agreed with plaintiff-borrower's argument and denied defendant-bank's summary judgment on the *Rooker-Feldman* basis because the doctrine did not apply to removed cases. *Id.*

The case at bar was likewise removed from a state court by Defendants. Under the holdings in *Exxon and Golden*, the *Rooker-Feldman* doctrine is in applicable to removed cases. Plaintiffs fully admit they did not seek this Court's jurisdiction. (See Plaintiffs' Motion to Remand, pg. 5). As such, this Court has subject-matter jurisdiction because the *Rooker-Feldman* doctrine does not apply so Plaintiffs' Motion to Remand must be denied.

**B. Even if this Court Determined the *Rooker-Feldman* Doctrine Applied to Removed Cases, Plaintiffs' Complaint Does Not Seek Review of a State Court Judgment or Allege the State Court Judgment Is the Source of Plaintiffs' Harm**

Finally, even if this Court found that the *Rooker-Feldman* doctrine applied to a removed case, Plaintiffs' are not seeking review of a state court judgment, but rather are complaining of a harm allegedly caused by Defendants. As indicated above, the *Rooker-Feldman* doctrine only applies where a state court judgment is the source of the injury upon which plaintiff bases his federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* "If a federal plaintiff

'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Exxon*, 544 U.S. at 293, (quoting *GASH Assocs.*, 995 F.2d at 728 (7th Cir. 1993)).

In this case, while Plaintiffs' prayer for relief seeks to set aside the November 14, 2008 consent judgment in the 14-A District Court eviction proceedings, Plaintiffs ask to have it set aside not because the State District Court ruled incorrectly (and how could it when Plaintiffs consented to the Judgment), but rather to set it aside because it was based on Defendants' alleged conduct in proceeding with a void foreclosure. (See e.g. Plaintiff's Complaint: Count II, "Defendants perpetrated a Fraud upon the 14A District Court. . ."; ¶36, "Residential, in concert with Orlans, wrongfully initiated a foreclosure . . ."; ¶41, ". . . Residential still did not qualify to initiate foreclosure by advertisement proceedings . . ."; ¶45, ". . . Residential willfully proceeded with wrongful foreclosure by filing eviction proceedings . . ."; ¶47, "Residential did not qualify to foreclose on the subject property and did not have an interest in the controversy in the 14A District Court. . ."; ¶49, "As Residential has failed to show any interest in the note and mortgage, it has not suffered an injury in fact to have standing to bring the 14A District Court eviction action."; ¶54, ". . . Plaintiffs were unaware of the fraud that had been perpetrated on all the courts referenced herein."; ¶70, "Neither the endorsements nor the alonge passes scrutiny, as all are fraudulent, rendering the foreclosure void ab initio, and depriving the 14A District Court of subject matter jurisdiction."; ¶71, "Residential and Orlans both knew that the foreclosure had been wrongfully conducted, an that Residential had no standing to bring an action for eviction against Plaintiffs, they pursued these legal avenues to the detriment of Plaintiffs."; ¶84, "Defendants acted in concert pursuant to a common design to prevent Plaintiffs from discovering

that the foreclosure in this matter was wrongfully conducted and that Residential had no standing to file an action for possession whatsoever . . ."; ¶85; "Defendants concert of action resulted in damages to Plaintiffs. . ."; ¶90, "Plaintiffs are entitled to have the Sheriff's Sale set aside, the mortgage voided based on its fraudulent creation and title quieted in themselves."; ¶104, "Defendants are in violation of MCL 565.371 with regard to the fraudulent conveyance. . ."; ¶106, "Defendants are in violation of MCL 600.1701 with regard to the fraud perpetrated upon this Court."; ¶109, "Defendants are in violation of MCL 600.2907a with regarding to the fraud perpetrated upon the court."; ¶111, "Defendants are in violation of MCL 600.5855 with regard to the fraud perpetrated upon the court."; ¶113, "Orlans is in violation of MCL 445.252 with regard to the fraud perpetrated upon the court.").

As indicated above, the *Rooker-Feldman* doctrine only applies where a state court judgment is the source of the injury upon which plaintiff bases his federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id. at 393*. Plaintiff's Complaint simply does not allege the 14A District Court harmed Plaintiffs by entering the November 14, 2008 Consent Judgment. Plaintiffs argue the 14A District Court lacked subject matter jurisdiction not because the 14A District Court erred, but rather because *Defendants* allegedly perpetrated fraud on the Court. Indeed, Plaintiffs' neither raised their arguments, nor contested the 14A District Court proceedings so the November 14, 2008 Consent Judgment could not form a basis for this Court's review which would trigger the *Rooker-Feldman* doctrine. "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Exxon*, 544 U.S. at 293, (quoting *GASH*

*Assocs.*, 995 F.2d at 728 (7th Cir. 1993)). Plaintiffs certainly argue claims that deny the legal conclusion reached in the 14A District Court Consent Judgment, but those claims are independent of the eviction proceedings, i.e. that the foreclosure was void and Defendants perpetrated fraud on the Court.

Plaintiffs' Count I likewise argues that the Washtenaw County Circuit Court lacked subject matter jurisdiction when it dismissed Plaintiffs' first case field in 2009. Plaintiffs argue that because their Complaint was only based on the Michigan Consumer Protection Act ("MCPA") and that the Circuit Court determined the MCPA did not apply to Defendant Residential (and thus did not have subject matter jurisdiction), then the Circuit Court's decision does not have a preclusive effect under the res judicata doctrine. (See Plaintiffs' Complaint ¶¶32-34, "Once the 22nd Circuit Court decided it had no jurisdiction to provide the relief sought by Plaintiffs in their MCPA, it could not reach the merits of Plaintiffs' claims. . . Thus, that order was not an adjudication on the merits, which would trigger res judicata."). Presumably, Plaintiffs alleged Count I of their Complaint in anticipation of Defendants' arguments that the 2009 Circuit Court dismissal provides for a res judicata effect on Plaintiffs' current suit. However, Plaintiffs do not argue the Circuit Court erred, but rather use the dismissal in support of their arguments. As such, *Rooker-Feldman* does not apply because the Circuit Court dismissal is not the source of the injury upon which Plaintiff bases their claims. *McCormick*, 451 F.3d at 393.

The case of *Sanford v. Std. Fed. Bank*, 2011 U.S. Dist. LEXIS 17465 (J. Patrick Duggan, E.D. Mich. Feb. 23, 2011) is instructive in this case. (See **Exhibit 2, *Sanford* Opinion**). In *Sanford*, the plaintiff-borrowers filed several lawsuits and bankruptcies throughout the foreclosure and eviction process. *Sanford*, 2011 U.S. Dist. LEXIS 17465 at *5. These lawsuits

or bankruptcies were subsequently dismissed and/or affirmed on appeal. *Id.* Eventually, the plaintiff-borrowers filed another action in Wayne County Circuit Court alleging the order granting defendants' summary disposition in a prior Wayne County Circuit Court case was void and requesting an order vacating a Sheriff's Deed and quieting title to the property. *Id.* at *5-6. The defendant-bank removed the Wayne County Circuit Court case to the U.S. District Court for the Eastern District of Michigan which was eventually consolidated with another case the plaintiff-borrower filed separately in federal court. *Id.* at *6. Defendant-bank then filed a Motion to Dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and doctrines of res judicata and collateral estoppel. *Id.* at *7.

In reviewing the *Rooker-Feldman* jurisprudence, the Court noted that the *McCormick* decision provided a helpful example to clarify whether the plaintiff alleged an injury resulting from a third party's action or a state court judgment. *Id.* at *10. The Court stated,

> "*McCormick* provides an example to clarify this inquiry. Where a parent challenges a state court's termination of child custody rights, the state court judgment is the source of the injury. But where a plaintiff seeks to challenge a state court's ruling that his employer did not discriminate against him, the injury is not the judgment, but rather, the employer's discrimination. 'The fact that the state court chose not to remedy the injury does not transform the subsequent federal suit on the same matter into an appeal, forbidden by *Rooker-Feldman*, of the state-court judgment.'" *Id.* at *10-11, fn. 3 (internal cites removed) quoting *McCormick*, 451 F.3d at 394.

The *Sanford* Court went on to determine that the *Rooker-Feldman* doctrine did not apply to the case because the plaintiff-borrower did not complaint of injuries resulting from a state court judgment. *Id.* at *11. The Court held that "Plaintiff claims that the sheriff's deed to the property is void, but there is no indication that deed was obtained through a state court judgment. Although state courts have previously adjudicated Plaintiff's claims, a federal district court does not lose subject matter jurisdiction 'simply because a party attempts to litigate in federal court a matter previously litigated in state court.' *Id.* quoting *McCormick*, 451 F.3d at 394.

The same can be said for the case at bar. For the *Rooker-Feldman* doctrine to apply, Plaintiffs must show that a prior state court judgment caused their alleged injuries "thereby inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284. Even assuming Plaintiffs' claims were previously raised in the 2009 Circuit Court case or prior to the November 14, 2008 Consent Judgment, Plaintiffs do not allege the prior judgments were the source of their harm. Plaintiffs' entire complaint is based solely on allegations that Defendants conducted the 2007 foreclosure proceedings in a fraudulent manner. As noted by the *Sanford* Court, there is no indication in this case that the foreclosure deed was obtained through a state court judgment. *Id.* at *11. For these and the above reasons, the *Rooker-Feldman* doctrine does not apply in this case so this Court must deny Plaintiffs' Motion to Remand.

## CONCLUSION

Plaintiffs' seek to remand this case on the basis of the *Rooker-Feldman* doctrine. "Based on *Exxon*, three elements must be met before the *Rooker-Feldman* doctrine can be applied: 1) the party who lost in the state court proceeding must have filed the lawsuit in federal court; 2) the state court judgment was rendered before the federal lawsuit was filed; and 3) the issue in the federal lawsuit was caused by the state court judgment." *Golden*, 2012 U.S. Dist. LEXIS 11638 at *6-7. However, the *Rooker-Feldman* doctrine does not apply to removed cases because Plaintiffs did not file the lawsuit in federal court so Plaintiffs' Motion to Remand must be dismissed. See *supra*, Argument, Section A.

Additionally, even if this Court determined the *Rooker-Feldman* doctrine could be applied, Plaintiffs' alleged injuries are not the result of a state court judgment, but rather harms allegedly cause by Defendants. See *supra*, Argument, Section B. Plaintiffs do not ask to have the November 14, 2008 Consent Judgment set aside because the State District Court ruled

incorrectly (and how could it when Plaintiffs consented to the Judgment), but rather to set it aside because it was based on Defendants' alleged conduct in proceeding with a void foreclosure. Moreover, Plaintiffs' rely on the 2009 Circuit Court dismissal in support of their argument that the dismissal did not have a preclusive effect on these proceedings. Finally, while Plaintiffs' arguments are aimed at the 2007 foreclosure, there is no indication a state court judgment was entered during the foreclosure. As a result, Plaintiffs' alleged harms were not caused by a state court judgment so the *Rooker-Feldman* doctrine does not apply.

## REQUESTED RELIEF

WHEREFORE, for all the reasons stated herein, Defendants request that this Court deny Plaintiffs' Motion to Remand, award reasonable attorney fees and costs for defending in this motion and for any other relief as this Court may see fit to award.

Respectfully Submitted:

Dated: February 27, 2012

/s/ Justin F. Carter
By: Justin F. Carter (P71650)
Attorney for Defendants
1650 W Big Beaver Rd
Troy, MI 48084
(248) 502-1573
jcarter@orlans.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL J. BAKER, and
SUZIE C. BAKER,

            Plaintiffs,

v.

RESIDENTIAL FUNDING
COMPANY, LLC, and
ORLANS ASSOCIATES, P.C.;

            Defendants.

Case No.2:11-cv-15169
Hon. David M. Lawson, presiding
Hon. Paul J. Komives, referral

Removed from Case No. 11-1260-CH in the
Washtenaw County Circuit Court
Hon. Timothy P. Connors

## PROOF OF SERVICE

    I hereby certify that on February 28, 2012 I electronically filed Defendants' Response to Plaintiffs' Motion to Remand, and this Proof of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Beatriz H. Coleman, Esq. and Justin F. Carter, Esq.

    I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

                              /s/*Meagan L. Rowe*
                              Meagan L. Rowe

February 28, 2012